FILED IN CHAMBERS
U.S.D.C. Rome

OCT 17 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

WILLIAM ALFRED ROBERTSON,

    Plaintiff,

v.

OFC. MR. BRYANT, et al.,

    Defendants.

CIVIL ACTION

NO. 4:06-CV-10-RLV

O R D E R

The plaintiff, who is currently incarcerated at Hancock State Prison, brought this action pursuant to 42 U.S.C. § 1983, alleging that correctional officers at Hays State Prison subjected him to cruel and unusual punishment by using excessive force against him. Pending before the court is the plaintiff's motion to compel [Doc. No. 27].

When the plaintiff served his first set of interrogatories and request for production of documents, the defendants answered most of the interrogatories and requests but did not respond fully to four of them to the plaintiff's satisfaction. The plaintiff seeks to compel the defendants to fully respond to the following requests for production of documents:

>     14. Please produce and permit Plaintiff to inspect and copy, the plaintiff's prison medical records from May 15, 2004, through May 31, 2004, including any and all photographs taken of the plaintiff contained therein.

>     15. Please produce and permit the plaintiff to inspect and copy, the five (5) photographs which Lt. McCuthins took of plaintiff's head and face during the month of May 2004, while at Hays.

      16. Please produce and permit Plaintiff to inspect and copy, any and all incident reports, disciplinary reports, and use of force reports, relating to Plaintiff on May 15, 2004, through May 16, 2004.

      18. Please produce and permit Plaintiff to inspect and copy, any and all investigative reports and investigative findings relating to Plaintiff as a result of the May 15, 2004, and May 16, 2004, incidents that he experienced at Hays.

The defendants refused to produce the documents requested in these requests for various reasons. With respect to Request No. 14, the defendants state that the plaintiff's medical records are located at Hancock State Prison, where he is currently incarcerated, not at Hays State Prison, where they work, and that such records are readily available to him for inspection and copying. Furthermore, the defendants state that they have, in fact, already furnished the plaintiff with a copy of those records, and they argue that they should not be forced to furnish another free copy. The court agrees and will not compel the defendants to respond further to this request.

With respect to Request No. 15, the defendants state that they do not recall any photographs ever having been taken of the plaintiff by Lt. McCuthins and that they have no such photographs in their possession. Upon that representation, the court denies the plaintiff's motion to compel production of such photographs.[1]

---

[1] Of course, if it should later turn out that photographs were taken, the court will not allow them to be used by the defendants for any purpose in this lawsuit.

2

Request No. 16 asks the defendants to produce various reports relating to the incident that occurred on May 14, 2006. The defendants have objected to this request on the basis that such information is privileged under O.C.G.A. § 42-5-36(c), which provides: "All institutional inmate files and central office inmate files of the department [of corrections] shall be classified as confidential state secrets and privileged under law, unless declassified in writing by the commissioner; provided, however, these records shall be subject to subpoena by a court of competent jurisdiction of this state."

Request No. 18 asks the defendants to produce various investigative reports and intelligence data relating to the incident in question. The defendants have objected to this request on the basis that the information is privileged under O.C.G.A. § 42-5-36(b), which provides: "Investigation reports and intelligence data prepared by the Internal Investigations Unit of the department [of corrections] shall be classified as confidential state secrets and privileged under law, unless declassified in writing by the commissioner."

The defendants cite to Rule 501, Federal Rules of Evidence, for the proposition that state law privileges are recognized in federal litigation. However, Rule 501's recognition of state law privileges applies only "with respect to an element of a claim or defense as to which State law supplies the rule of decision." Since the instant case is brought pursuant to this court's federal

3

question jurisdiction, not its diversity jurisdiction, state law does not provide the rule of decision; therefore, Rule 501 is inapplicable.

Despite the inapplicability of Rule 501, the court does not believe that the state's classification of certain prison records as privileged state secrets should be ignored. There are legitimate security reasons for not letting prison inmates see their inmate records, incident reports, investigative reports, and intelligence data. However, if there is material in those reports which support a plaintiff's version of an incident, a defendant should not be able to hide behind the wall of privilege to keep that relevant and material information from a plaintiff, just because the plaintiff is incarcerated.

After balancing the various interests in this matter, the court hereby directs counsel for the defendants, as an officer of the court, to carefully review the material sought by the plaintiff. If there are any reports or statements that are favorable to the plaintiff's position, those reports or statements should be furnished to the plaintiff. Any matter in those reports or statements that affect the security of the prison may be redacted. This material is to be furnished to the plaintiff within 30 days from the date of the docketing of this order. If no material meets the criteria previously set out by the court, counsel for the defendants is to file a statement with the court stating that no such material was found.

4

In summary, the plaintiff's motion to compel with respect to Request Nos. 14 and 15 is DENIED; the motion to compel with respect to Request Nos. 16 and 18 is GRANTED to the limited extent that counsel for the defendants is directed to carefully review the material requested and to furnish any material that is supportive of the plaintiff's position (after appropriate redaction if necessary) or to report to the court that no such material exists within 30 days from the date of the docketing of this order.

SO ORDERED, this 17TH day of October, 2006.

/s/ Robert L. Vining, Jr.
ROBERT L. VINING, JR.
Senior United States District Judge